**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4564-18T3

ROBERT BENDER,

     Petitioner-Appellant,

v.

TOWNSHIP OF
NORTH BERGEN,

     Respondent-Respondent.

_____

Argued November 18, 2020 – Decided  December 24, 2020

Before Judges Gilson and Moynihan.

On appeal from the New Jersey Department of Labor and Workforce Development, Division of Workers' Compensation, Claim Petition No. 2007-32225.

Donald F. Burke, Jr. argued the cause for appellant (Law Office of Donald F. Burke, attorneys; Donald F. Burke and Donald F. Burke, Jr., on the briefs).

Ryan J. Gaffney argued the cause for respondent (Chasan Lamparello Mallon & Cappuzzo, PC, attorneys; Cindy Nan Vogelman, of counsel and on the brief, Qing H. Guo, on the brief).

PER CURIAM

Petitioner Robert Bender was a police officer with the Township of North Bergen from 1979 until his retirement in 2004. On October 4, 2007, petitioner filed an employee's claim petition with the Division of Workers' Compensation. We previously reviewed the Worker's Compensation judge's order entering judgment in favor of the Township, after a three-day trial, dismissing petitioner's psychiatric and orthopedic occupational claims. Bender v. Twp. of North Bergen, No. A-1988-15 (App. Div. Aug. 25, 2017), certif. denied, 232 N.J. 379 (2017). We affirmed the judge's decision that the petition claiming psychiatric occupational disease was not filed within two years of the date petitioner knew the nature of the disability and its relation to his employment. Id. at 9. But we were "unable to determine from a reading of the decision whether or on what basis the judge decided the compensability of the orthopedic injuries claim." Id. at 12. Specifically, we noted the decision did not resolve the conflict between the documentation of petitioner's orthopedic injuries during the course of his employment and his contention that those injuries were "insidiously progressive" and "did not manifest themselves until less than two years before the filing of his claim petition in 2007." Ibid. On remand, we directed the compensation judge to "make particularized findings and determine whether

petitioner has filed his claim regarding his orthopedic injuries within the appropriate statute of limitations." Id. at 13.

Petitioner now appeals from an order following the remand dismissing his claim petition "for failure to sustain the burden of proof." Our scope of review is limited to "'whether the findings made could reasonably have been reached on sufficient credible evidence present in the record,' considering 'the proofs as a whole,' with due regard to the opportunity of the one who heard the witnesses to judge of their credibility." Close v. Kordulak Bros., 44 N.J. 589, 599 (1965) (quoting State v. Johnson, 42 N.J. 146, 162 (1964)); see also Lindquist v. Jersey City Fire Dep't, 175 N.J. 244, 262 (2003). We defer to the judge's factual findings and legal determination because we do not discern they were "'manifestly unsupported by or inconsistent with competent relevant and reasonably credible evidence as to offend the interests of justice,'" Lindquist, 175 N.J. at 262 (quoting Perez v. Monmouth Cable Vision, 278 N.J. Super. 275, 282 (App. Div. 1994)), and affirm.

Petitioner contends he did not realize until 2007 that his orthopedic injuries—resulting in surgery to his lumbar and cervical spine, right knee and left shoulder—resulted from "numerous falls, motor vehicle accidents, . . . lifting stretchers" and fights during his tenure as a police officer. Petitioner

3

returned to work after each injury, including three for which he filed claim petitions and received workers' compensation benefits; he testified at trial his residual condition after each injury "was tolerable. You never heal completely from those things, but it's tolerable. You can live with it. You heal the best you can."

He also testified he had pain in his "right knee for the longest time, for almost a year" before he "decided to go [have it checked]" in 2007; had no problem with his left shoulder until after he retired and did not seek treatment until after he filed his 2007 claim petition; and did not have problems with his neck or back until after he retired.

In his merits brief, petitioner argues the judge 1) failed to follow our remand instructions when he "sua sponte dismissed the petition based on his conclusion . . . that [petitioner's medical expert,] Dr. [Floyd] Krengel's report set forth a net opinion" and 2) "violated The Rules of the Division of Workers' Compensation . . . regarding 'Conduct of [f]ormal hearings [that] directs the order of proofs at trial which orders the testimony of petitioner before testimony of petitioner's medical experts and, thereafter ruling on [dispositive] motions." We are not persuaded by either argument.

A-4564-18T3

Contrary to petitioner's argument that the judge failed to follow our remand instructions, the judge did exactly that when he reviewed the proofs adduced at trial. At the remand hearing, the judge set forth the purpose of the hearing and deferred discussion on motions the parties filed after remand:[1]

> This matter is on remand from the [a]ppellate [c]ourt.
> The issue before the [c]ourt is whether petitioner demonstrated orthopedic claims. A request did not manifest themselves until greater than two years before[,] after the filing of the claim or after the petitioner retired and two years before the filing of the claim petition. Post remand, the parties have filed various motions which will be discussed later. Do you want to be heard or do you want to submit on the documents?

Petitioner's counsel offered to answer any of the judge's questions with regard to the motions and the Township's counsel submitted on the documents.

The judge then recounted the arguments made in petitioner's brief, reprised on appeal, that his injuries did not manifest until 2006 and 2007. He

---

[1] The Township filed a motion to dismiss for lack of prosecution to which petitioner filed opposition. Cross-motions relating to payment for medical costs were also filed. Petitioner has not appealed the judge's rulings, and they are not directly germane to any issue on appeal. The issue raised for the first time in petitioner's reply brief—asking that we remand the medical-payment issue—is not properly before us. Bacon v. New Jersey State Dept. of Ed., 443 N.J. Super. 24, 38 (App. Div. 2015) (noting this court "generally decline[s] to consider arguments raised for the first time in a reply brief").

A-4564-18T3

also reviewed Dr. Krengel's August 2013 certification and June 18, 2013 report that were attached to petitioner's motion papers.

In rendering his oral opinion, the judge recognized our Supreme Court's ruling

> that in the limited class of cases in which an unexpected traumatic event occurs and the injury it generates is latent or insidiously progressive, an accident for workers' compensation filing purposes has not taken place until the signs and symptoms are such that they would alert a reasonable person that he had sustained a compensable injury.
>
> [Brunell v. Wildwood Crest Police Dep't., 176 N.J. 225, 254 (2003).]

In Brunell, the Court held the statutory requirements that an injured worker "must give notice to the employer within ninety days . . . 'of an injury,' N.J.S.A. 34:15-17, and must file a claim petition within two years of the date the 'accident' occurred, N.J.S.A. 34:15-51," 176 N.J. at 250, "do not begin to run until the worker is, or reasonably should be, aware that he has sustained a compensable injury," id. at 252.

Based on the proofs, including petitioner's testimony that after he retired he "passed out a couple of times," one time "hurt[ing himself] more," and Dr. Krengel's net opinion that his cervical and lumbar injuries were causally related to petitioner's occupational exposure, the judge concluded, from a "common[-

6

]sense point of view," petitioner's claim "does not fall into the limited class of cases which I expect a traumatic event occurred and the injury [degenerately] or consequently progresses, which is work-related, but . . . petitioner was not alerted to same until the signs or symptoms appeared[.]"  The judge deduced, "[h]ad the orthopedic condition been related to the occupational exposure, then one would clearly expect some manifestation arising during the work exposure or within two years of the work exposure."  Finding "a lack of nexus," the judge dismissed the orthopedic claims because there was "no meaningful showing of any insidious progression of an orthopedic disability[.]"

The judge's conclusion is consistent with the applicable law.  The Brunell Court did "not . . . suggest a wholesale importation of the discovery rule that is a part of the occupational disease statute into all accidental injury cases."  176 N.J. at 261.  In holding "[l]ess latitude is afforded the worker who is injured in an unexpected accident[,]" and the worker "must act" when he or she knows "any compensable injury" is sustained, the Court limited the circumstances where a late filing would be excused by the discovery rule:

> Notice and claim limitations in classic industrial accidents involving simultaneous traumatic event and injury will continue to be calculated from the date of the traumatic event.  It is only in the narrow band of accident cases involving latency and insidious onset diseases that we think the Legislature would have

7

intended the kind of leeway it developed to avoid a legitimately injured worker losing an occupational claim to be equally applicable to latent injury accidents.

Moreover, it should be noted that applying a discovery-type rule to that narrow class of accident cases will not result in the obliteration of the distinction between accidental injury and occupational disease for notice and filing purposes. It remains the fact that the accident calculation begins when the worker knows or should know he has incurred any compensable injury[.]

[Ibid.]

In setting forth the reasons why he concluded petitioner had not timely filed his claim petition and was thus barred, N.J.S.A. 34:15-41, the judge fully complied with our remand instructions. We did not mandate that the trial record be expanded. The judge, nevertheless, considered Dr. Krengel's certification and report even though it was not entered into evidence during trial, and Dr. Krengel did not testify at trial. The report was based on the doctor's review of a report on August 2012 cervical MRI studies and a single physical examination in June 2013. The examination did not include petitioner's shoulder or knee, and offered no explanation for the doctor's conclusion that petitioner's back injuries—both cervical and lumbar—were causally related to "occupational exposure." The doctor's failure to relate the injuries to specific incidents and to give the "why[s] and wherefore[s]" of his mere conclusion, rendered it a net

opinion. See Jimenez v. GNOC, Corp., 286 N.J. Super. 533, 540 (App. Div. 1996); see also Townsend v. Pierre, 221 N.J. 36, 54 (2015). The doctor's report stated petitioner "was examined for the sole purpose of determining impairment," perhaps explaining why he did not support his causal-relation opinion. Whether or not a net opinion, the doctor's submission and other trial evidence did not establish that the late-filed petition should not be dismissed.

Petitioner's argument that the judge violated the order of proofs before ruling on dispositive motions is without sufficient merit to warrant discussion. R. 2:11-3(e)(1)(D). The judge was explaining his ruling after the trial at which petitioner did not present a doctor's testimony. The remand hearing was not an opportunity to present additional testimony. There is no indication in the trial record, or in the record of the prior appeal, that at trial petitioner offered or was precluded from presenting testimony of any medical expert, including that of Dr. Krengel. Further, at no time did petitioner give any indication the doctor was present or that he wanted to offer his testimony.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4564-18T3